```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

TROY MORICE WILLIAMS,

    Plaintiff,

v.                                     Civil Action No. 2:09-1005

JOE MANCHIN and
CHIEF OF CHARLESTON, PD, and
LOUISE W. FLANAGAN, N.C., and
JOSEPH R. GOODWIN, JUDGE, and
MARY E. STANLEY, MAGISTRATE JUDGE, and
CHARLES T. MILLER, U. S. ATT., and
KASEY WARNER, FRM. U. S. ATT., and
SAMUEL D. MARSH, AUSA, and
GREGORY MCVEY, AUSA, and
WILLIAM H. SCHARF, ATT., and
TRACY WEESE,

    Defendants.


## MEMORANDUM OPINION AND ORDER

Pending in this <u>pro se</u> civil rights action are plaintiff's motions for (1) a certificate of appealability, filed December 7, 2009, (2) for default judgment against certain named defendants, filed January 22, 2010, and (3) for appointment of counsel filed May 21, 2010.

I.

On July 11, 2002, plaintiff was named in a two-count indictment charging him with (1) a conspiracy to distribute an unstated amount of cocaine base in violation of 21 U.S.C. § 846 (Count One), and (2) aiding and abetting the distribution of an unstated amount of cocaine base in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count Two).  After waiving his right to a jury trial, a bench trial was held before another judicial officer in this district ("sentencing judge"), after which plaintiff was found guilty.  On February 3, 2002, the sentencing judge imposed a term of imprisonment of 210 months followed by a three-year term of supervised release.

On February 10, 2003, plaintiff noticed his appeal of the Judgment.  On December 17, 2003, the court of appeals affirmed.  Plaintiff did not petition the Supreme Court for a writ of <u>certiorari</u>.  On December 10, 2004, plaintiff moved for the vacatur, set aside, or correction of his sentence pursuant to 28 U.S.C. § 2255.  On January 6, 2006, the sentencing judge entered his Judgment ("second Judgment") adopting the proposed findings and recommendation entered by the United States Magistrate Judge and denying plaintiff's section 2255 motion.  On

January 25, 2006, plaintiff noticed his appeal of the second Judgment. On August 29, 2006, the court of appeals dismissed the appeal.

On July 29, 2008, the court of appeals denied plaintiff's motion for an order authorizing the sentencing judge to consider a second or successive application for relief under section 2255. On April 29, 2009, plaintiff filed a "Hazel-Atlase Action to Vacate Judgment obtained through Fraud Upon the Court. Also a 60(b)(3) -- FALSE Imprisonment." On November 12, 2009, the sentencing judge entered his Judgment ("third Judgment") adopting the proposed findings and recommendation entered by the magistrate judge that recharacterized plaintiff's Hazel-Atlase filing as a prohibited successive motion seeking relief pursuant to section 2255. The third Judgment also directed dismissal of the action. On November 30, 2009, plaintiff noticed his appeal of the third Judgment. On May 25, 2010, the court of appeals dismissed the appeal.

On July 6, 2010, plaintiff moved for relief under 18 U.S.C. § 3582. In that matter, which was reassigned by the sentencing judge to another member of this court, plaintiff seeks to benefit from an amendment to the United States Sentencing Guidelines that he believes applies to his February 3, 2002,

3

sentence.  The court expresses no opinion concerning the merits of the section 3582 motion.

On September 14, 2009, plaintiff instituted this action with a notice stating that he sought "to file a [42 U.S.C. ] § 1983 on those responsible for [his] . . . continued illegal incarceration." (Dckt. Ent. 1 at 1).  As is evident from the style, he accuses a host of public and private officials of wrongdoing[1] under color of law or by state action leading to, and continuing through and during, his conviction and sentence. (Dckt. Ent. 16 at 2 (stating "I've been illegally imprisoned over 7 1/2 years, I have tryed [sic] to undo the Conviction [sic], and bring the truth to the LIGHT, But [sic] the Fourth Circuit Court of Appeals is a <u>CANCER</u> to the Justice System . . . .")).  He seeks a total of $10,000,000 in damages and a new trial.

The court has reviewed the many filings in this and the related actions mentioned heretofore.  The precise factual underpinning upon which plaintiff hinges his civil rights claim appears to arise from the following circumstances recited by the magistrate judge in her December 6, 2005, proposed findings and

---

[1]While plaintiff also appears to allege wrongdoing generally by the "West Virginia District Court," the court understands this putative wrongdoing to have been allegedly committed only by the sentencing and magistrate judges.  (<u>See</u> Dckt. Ent. 1 at 3-4)).

recommendation adopted by the sentencing judge:

> The [two undercover] officers then asked [Morris, an apparent confederate of plaintiff] if they could purchase one hundred dollars worth of cocaine base. Morris got into the car with them and directed them to drive to his apartment at 1519 1/2 Washington Street, East. When the three men arrived at the apartment, they were met by a man named Purcelle "Chris" Chandler. Morris asked Chandler to "go get the New York boys." Chandler left, and the others went into Morris' apartment to wait. Chandler returned and had a conversation with Morris. Morris then said, "go get Raheem." "Raheem" was a nickname sometimes used by . . . [plaintiff]. Chandler testified at trial, and confirmed that he knew . . . [plaintiff] to be "Raheem."
>
> Several minutes later, . . . [plaintiff] arrived at the apartment, sat down at a table, looked at the men in the room, and then motioned to Morris to go to an adjacent bedroom. Seconds later, Morris came out of the bedroom, and said, "who wants the hundred?" [Plaintiff] followed shortly behind him. [Undercover] Officer Bramlee stated that he wanted the drugs, and Morris handed the cocaine base to him. [Undercover officers] Bramlee and Powell then identified themselves as police officers and placed . . . [plaintiff] and Morris under arrest.

(Dckt. Ent. 110 at 4-5 (citations omitted).

Plaintiff appears to complain primarily that the visit by the undercover officers to the residence abridged his Fourth Amendment rights. He also asserts, <u>inter</u> <u>alia</u>, that (1) his motion for judgment of acquittal was wrongly denied during the bench trial before the sentencing judge, (2) the prosecution discussed his case with the media, leading to him not having a

5

fair trial, (3) Federal Rule of Evidence 404(b) material was improperly admitted during the bench trial, and (4) his sentence was illegally enhanced.

## II.

Pursuant to 28 U.S.C. § 1915A, and notwithstanding the payment of any filing fee, the court must screen each case in which an inmate seeks redress from a governmental entity, its officers, or employees. 28 U.S.C. § 1915A(a); see also 28 U.S.C. § 1915(e)(2)(B). Under section 1915A(b)(1), it is incumbent upon the court to dismiss a screened case, at any time, if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). It is the case, however, that pro se complaints are subjected to less rigorous standards than those drafted by lawyers; pro se filings "however unskillfully pleaded, must be liberally construed." Noble v. Barnett, 24 F.3d 582, 587 n. 6 (4th Cir. 1994) (citing Haines v. Kerner, 404 U.S. 519 (1972); Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977)).

At the same time, a pro se complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp.

6

**v. Twombly**, 550 U.S. 544, 555, 570 (2007).  A claim having no arguable basis in law or fact may be dismissed as frivolous. **Neitzke v. Williams**, 490 U.S. 319, 325 (1989).

An inmate seeking relief pursuant to section 1983 based upon the circumstances leading to his conviction and sentence faces a steep incline based upon settled law:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

**Heck v. Humphrey**, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted)[2]; **Hill v. McDonough**, 547 U.S. 573, 579 (2006)

---

[2]The court notes that, in addition to state officers potentially subject to liability under section 1983, plaintiff has also named federal officers.  Liability would attach against the federal officers only as allowed by **Bivens v. Six Unknown Federal Narcotics Agents**, 403 U.S. 388 (1971).  The decision in **Heck** involved section 1983.  The courts of appeal that have
(continued...)

("'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus . . . and a complaint under . . . § 1983.  Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus.'"); Wilson v. Johnson, 535 F.3d 262, 265 (4th Cir. 2008) ("Heck's holding precludes a prisoner from a collateral attack that may result in two inconsistent results -- for example, a valid criminal conviction and a valid civil judgment under § 1983 for monetary damages due to unconstitutional conviction or imprisonment."); Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir. 2006); Young v. Nickols, 413 F.3d 416, 417 (4th Cir. 2005).

Despite his persistent challenges over the years, plaintiff's conviction and sentence remain intact.  It is evident that this civil rights action, in both its roots and branches, is

---

[2](...continued)
addressed the question, however, have uniformly concluded that Heck applies to Bivens actions as well.  See, e.g., Williams v. Hill, 74 F.3d 1339, 1341 (D.C. Cir. 1996) ("We therefore join the other courts of appeals that have addressed the issue, and hold that Heck applies to Bivens actions."); Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995); Tavarez v. Reno, 54 F.3d 109 (2d Cir. 1995); Stephenson v. Reno, 28 F.3d 26 (5th Cir. 1994); see also Brian R. Means, Federal Habeas Manual § 2:8 (Elec. ed. 2010)("Although Heck[] involved a state prisoner, circuit courts have concluded that the rule is equally applicable to federal prisoners, including civil rights actions brought against federal actors pursuant to Bivens").

designed to result in a finding, accompanied by a sizeable damage award, that plaintiff was wrongly convicted and incarcerated.  In sum, a judgment in favor of plaintiff in this action would necessarily imply the invalidity of his conviction and sentence.  He thus seeks the precise type of relief barred by <u>Heck</u> inasmuch as he cannot show that his conviction or sentence have been in any way altered.

The court thus concludes that plaintiff's section 1983 and <u>Bivens</u> claims fail to state a claim upon which relief may be granted.  In view of this conclusion, plaintiff's motions are meritless.  He need not seek a certificate of appealability inasmuch as this is not a habeas challenge.  Also, there is no basis for default judgment inasmuch as the court has never directed service upon any of the defendants.  Finally, appointment of counsel is unnecessary given plaintiff's evident failure to state a claim.  The court, accordingly, ORDERS as follows:

1. That plaintiff's motions for a certificate of appealability, for default judgment against certain named defendants, and for appointment of counsel be, and they hereby are, denied;

2. That plaintiff's motion to proceed without prepayment of fees or costs be, and it hereby is, denied as moot; and

3. That this civil action be, and it hereby is, dismissed without prejudice.

Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(B), plaintiff shall have sixty days after the date of entry of this decree in which to appeal. The failure within that period to file with the Clerk of this court a notice of appeal of the Judgment will render this memorandum opinion and order and the Judgment final and unappealable.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and any unrepresented parties.

DATED: July 30, 2010

John T. Copenhaver, Jr.
United States District Judge